## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hirschkop & Associates, P.C.

v.

Ozzie Clay
and Cajun King, Inc.

### Case No. (Law) 10641

By JUDGE ALFRED D. SWERSKY

### January 29, 1987

The matter is before the Court on Defendant Clay's Motion to Reconsider the Court's ruling of December 9, 1986, in which I ruled that the default judgment, as to Mr. Clay, was still in effect and had not been set aside.

The Court has considered the authorities, the memorandum submitted by Clay and the argument of counsel. I am of the opinion that the Motion to Reconsider should be denied.

Clay argues that this Court retained "jurisdiction" to set aside the default as of June 25, 1986, in spite of the fact that he filed bankruptcy on June 6, 1986. The Court, in its previous opinion, reasoned that the Automatic Stay provisions of 11 U.S.C. § 362, prevented the Court from setting aside the judgment as to Mr. Clay, in view of the fact that no relief had been sought from the stay in the Bankruptcy Court by either the creditor or the debtor. Further, Clay argues that the Automatic Stay

provisions are for the benefit of the debtor and that the debtor can, therefore, proceed to litigate matters in the state courts in spite of the Automatic Stay provisions.

This argument overlooks the clear language of 11 U.S.C. § 362 and the overall purpose of the stay provisions. The clear language of paragraph one of that statute says that a continuation of a judicial or other action or proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy is stayed. The statute does go on to recite other more specific instances in which the stay provisions would cover actions of the creditors. Further, Clay's argument overlooks the main purpose of the stay provisions which is to "freeze" the debtors financial relationships and conditions at the time of the filing of his petition in bankruptcy. Further, its purpose is to facilitate reorganization by giving the trustee in bankruptcy time to take stock of the debtors condition. The authorities relied upon by Clay all seem to indicate that a debtor may take what are termed "offensive" actions such as proceeding to appeal proceeding with counterclaims. This is simply not the case here.

Clay was attempting to defend against the effect of a judgment that had been rendered some two days before the filing of his bankruptcy but twenty-one days prior to the argument of June 25, 1986.

Since the Court has interpreted the Automatic Stay provisions to have stayed the running of the twenty-one days contained in Rule 1:1 of the Rules of Court, with regard to the finality of orders, Clay was free to seek relief in the Bankruptcy Court from the Stay for purposes of seeking relief from the default judgment. This was true from June 6, 1986, up to and including the time that the *nunc pro tunc* order was entered by the Court relieving the Defendant Cajun King of the default judgment. Clay, for whatever reason, did not seek relief from the Stay nor any relief from the Bankruptcy Court as to the default judgment.

For the foregoing reasons, the Motion to Reconsider will be denied and the Court will enter the Decree of Reference appointing Roy B. Zimmerman, Esquire, as Commissioner.

## April 9, 1987

I am unable to locate any authority that would permit Defendant Clay's counsel to withdraw from a portion of this case yet remain as counsel for appeal purposes. Therefore, I will deny the Motion as presented to the Court.

This ruling is without prejudice to counsel moving to withdraw entirely from this case if he so desires.

## April 27, 1987

The Court has considered the proffers and argument of counsel and the transcripts of proceedings before the Commissioner and the conclusion is inescapable that Mr. Clay has deliberately and wilfully frustrated the lawful functions of this Court as well as committed perjury and defied the subpoenas and the orders of the Commissioner to produce documents.

I conclude therefore that Mr. Clay is in contempt of this Court, and sentence will be imposed on May 20, 1987. This is a change from the date on which Mr. Clay was recognized to appear because of a Judicial Conference. Mr. Hirschkop should have appropriate process served on Mr. Clay because of this change, and I am enclosing a copy of this letter to Mr. Clay.

Should the Defendant purge himself of this finding prior to May 20, 1987, the Court will consider it in mitigation of any sentence and/or fine to be imposed.